WAYNE CARSON, PLAINTIFF v. C. R. MOODY, JIMMY BERRY, AND W. C. NELSON, JR., D/B/A NELSON TRACTOR CO., DEFENDANTS

No. 8930SC1328

(Filed 7 August 1990)

### 1. Malicious Prosecution § 13.3 (NCI3d)— collateral purpose— showing of malice and absence of probable cause

Material issues of fact existed as to whether defendant law officers acted maliciously and without probable cause in obtaining a warrant charging defendant with felonious possession of a stolen tractor where plaintiff's forecast of evidence tended to show that the prosecution was instituted for the collateral purpose of exerting pressure on plaintiff in order to obtain possession of the tractor.

**Am Jur 2d, Malicious Prosecution §§ 8, 45, 74.**

### 2. Process § 19 (NCI3d)— abuse of process—misuse of warrant for ulterior motive—sufficient forecast of evidence

Material issues of fact existed as to whether defendant law officers willfully misused a warrant they obtained charging defendant with felonious possession of a stolen tractor for the ulterior motive of obtaining payment of a civil claim where plaintiff's forecast of evidence showed that one defendant stated that they wanted the money or the tractor; neither defendant attempted to determine whether the tractor had been on consignment when purchased by plaintiff as plaintiff had told them or whether it had been stolen; and one defendant admit-

ted that the arrest warrant was used as leverage to recover the tractor.

**Am Jur 2d, Abuse of Process §§ 10, 12.**

3. **Conspiracy § 2.1 (NCI3d) — civil conspiracy — insufficient forecast of evidence**

Summary judgment was properly entered for defendants on plaintiff's claim for civil conspiracy in violation of 42 U.S.C. § 1983 where plaintiff failed to show that defendants had a "meeting of the minds" and thus reached an understanding to achieve the conspiracy's objective, that is, to inflict injury upon plaintiff.

**Am Jur 2d, Civil Rights § 21.**

APPEAL by plaintiff from an order entered 5 September 1989 by *Judge James R. Strickland* in Superior Court, CHEROKEE County. Heard in the Court of Appeals 7 June 1990.

Plaintiff appeals the entry of summary judgment in favor of all defendants on all of his claims. Plaintiff's forecast of the evidence is as follows:

During July of 1986 plaintiff was doing business in Robbinsville, North Carolina as Wayne's Auto Sales. On 21 July 1986, plaintiff purchased a 1979 Yanmar Lawn Tractor from Robbinsville Tractor and Service by trading in his Massey Ferguson Model 1655 tractor and accessories and paying an additional $500.00 in cash to Jim Shelton, one of the owners of Robbinsville Tractor and Service. On 24 July 1986, Gerald Orr, also a partner in Robbinsville Tractor and Service, called the plaintiff and told him that the tractor plaintiff had purchased from his store was owned by a W.C. Nelson who had placed the tractors there on consignment. Orr also said that Nelson's tractors were his responsibility and that he needed to get back the tractor that the plaintiff had purchased. The plaintiff informed Orr that he would trade back with him if Orr would refund his $500.00 and return his tractor.

On 25 July 1986, Orr went to Wayne's Auto Sales and told Carson that Shelton was working for him, that he had sent him to Robbinsville to run Robbinsville Tractor and that this arrangement was not working out. Carson also received a phone call from Nelson who said that he had allowed Orr and Shelton to bring six tractors to Robbinsville to sell on consignment and that four

tractors had been sold. Carson had received one of the two remaining tractors in trade. Carson told Nelson that he would only return the tractor if his money and the Massey Ferguson tractor he traded in were returned to him at the same time Nelson picked up the Yanmar tractor.

On the following Saturday after the telephone conversation between plaintiff and Nelson, Nelson sent a truck from Blairsville, Georgia to pick up the tractor. However, Nelson did not get the tractor at that time.

On 8 August 1986, Nelson had a criminal warrant drawn against Shelton. On 18 September 1986, a Graham County Deputy Sheriff came to Carson's business and said that he wanted to take the tractor because it had been reported stolen. The deputy had an N.C.I.C. printout which showed that a 1979 Yanmar Tractor was registered to a Leonard C. Hall of Crandall, Georgia and a warrant claiming that Jim Shelton took the tractor without the owner's permission. At the same time, District Attorney Roy Patton and Sheriff A.J. Peterson looked at the tractor and told Carson to hold the tractor for thirty days and if no disposition was taken within that time, plaintiff was free to dispose of the tractor. Plaintiff was given a receipt for the tractor.

On 3 March 1987, S.B.I. Agent Moody visited plaintiff's business, wrote down the serial number of the tractor, and informed plaintiff that he was investigating a stolen tractor. On 18 June 1987, Georgia Bureau Investigator Berry and Agent Moody again went to plaintiff's business and demanded either the tractor or forty-five hundred dollars. Berry stated that he was there to recover a tractor that belonged to Nelson. Moody told plaintiff that if he would produce the tractor or a check in the amount of forty-five hundred dollars, no action would be taken in the case; if not, they would get a warrant against plaintiff for possession of stolen property. Plaintiff again refused to return the tractor and the two investigators drew a criminal warrant against plaintiff, alleging that Carson feloniously possessed a 1979 Yanmar Tractor, the personal property of Nelson Tractor Company, knowing and having reasonable grounds to believe the property had been stolen, taken and carried away. The record remains unclear as to the lawful ownership of the tractor.

Carson was arrested at his business and later released on bond. The case came on for hearing on 23 September 1987 and

a dismissal was entered. No attempt was made by officials to locate the tractor.

Plaintiff alleges that as a result of these events his business declined and he was forced to relocate to Murphy, North Carolina. Thereafter, on 11 May 1988, a true bill was returned charging plaintiff with the same offense for which he was charged in Graham County. The witness before the grand jury was Moody. Plaintiff was again arrested and required to post a nine thousand dollar secured bond.

At trial Judge James U. Downs entered a dismissal of the action after Nelson testified that Orr had paid for the tractor.

Plaintiff filed civil suit against defendants Moody, Berry, and Nelson alleging malicious prosecution, abuse of process and a conspiracy to falsely arrest and deprive him of his constitutional rights. Summary judgment was entered in favor of defendants and against plaintiff. Plaintiff appeals.

*McLean & Dickson, P.A., by Russell L. McLean, III, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David F. Hoke, for defendant-appellee C.R. Moody.*

*Haire, Bridgers & Spiro, P.A., by R. Phillip Haire, for defendant-appellee W.C. Nelson.*

*No brief was filed on behalf of defendant-appellee Berry.*

LEWIS, Judge.

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendants. Plaintiff has alleged three causes of action (1) malicious prosecution, (2) abuse of process and (3) violation of the plaintiff's constitutional rights as protected under 42 U.S.C. § 1983.

## I. Malicious Prosecution

In order for the plaintiff to succeed in an action for malicious prosecution, the plaintiff must show:

1. The defendant initiated the earlier proceeding against the plaintiff;

2. The defendant acted maliciously;

3. There was no probable cause to initiate the prior proceeding; and

4. The proceeding ended in plaintiff's favor.

*Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979).

[1]   Having established the first element, plaintiff must show that defendants acted with either "legal" or "constructive" malice. Malice is found when one acts with reckless disregard of the rights of others in instituting prosecution without probable cause. *Cook v. Lanier*, 267 N.C. 166, 170, 147 S.E.2d 910, 914 (1966). Proof that the prosecution was instituted to accomplish some collateral purpose, or to forward some private interest can show the absence of probable cause and it creates an inference of malice. *Dickerson v. Atlantic Refining Co.*, 201 N.C. 90, 95, 159 S.E. 446, 449 (1931).

In the present case, the evidence in the light most favorable to the plaintiff tends to show that defendants Moody and Berry had a collateral purpose in obtaining an arrest warrant for plaintiff. In his deposition, Moody admitted that he "tried to recover the tractor the best way [he] knew how." Moody also stated that he asked plaintiff to release the tractor "and he was later arrested for it for refusing to do so." Moody also admitted that he did not know if plaintiff still had possession of the tractor or exactly where the tractor was located at the time of plaintiff's arrest. Plaintiff's evidence tends to show that Moody and Berry's motive in arresting plaintiff was to exert pressure on Carson to secure possession of the tractor.

> Evidence that the chief aim of the prosecution was to accomplish some collateral purpose, or to forward some private interest, i.e., to obtain possession of property, or to enforce collection of a debt and the like, is admissible both to show the absence of probable cause and to create an inference of malice and such evidence is sufficient to establish a prima facie want of probable cause. . . .

*Id.* We find that plaintiff has shown that material issues of fact exist as to whether the proceeding was instituted for a malicious purpose and lacked probable cause.

Plaintiff must also show that the prior proceedings were terminated favorably "to the plaintiff." *Stanback v. Stanback*, 297 N.C. 181, 203, 254 S.E.2d 611, 626 (1979). "The requirement that

the former proceeding has been terminated favorably to the Plaintiff in a malicious prosecution action is satisfied in many instances by a disposition of the proceeding prior to consideration of the merits." *Id.*

In the present case, both proceedings instituted against the plaintiff were dismissed. We find that for purposes of withstanding summary judgment, plaintiff has sufficiently demonstrated that the proceedings against him were terminated in his favor.

The trial court improperly entered summary judgment in favor of defendants Moody and Berry on the claim for malicious prosecution. Defendant Nelson had nothing to do with obtaining the warrants against plaintiff. Therefore, summary judgment on this issue in favor of defendant Nelson was proper.

## II. Abuse Of Process

[2]  In order to establish a cause of action for abuse of process, the plaintiff must show (1) the issuance of valid process; (2) which was willfully misapplied or misused by the defendant; (3) for some purpose other than for which the process was designed and motivated by bad intent or ulterior motive. *Stanback, supra*, at 200, 254 S.E.2d 624. Having met the first element, we hold that material issues of fact exist as to whether defendants Moody and Berry misused the summons for an ulterior motive. Plaintiff's testimony shows that defendants stated that they either wanted the money or the tractor. No effort was made by either defendant Moody or Berry to ascertain whether Carson in fact had possession of the tractor at the time the arrests were made. No search warrant was obtained and the premises were never searched. Moody also admits that he used the summons as secondary leverage to recover the tractor. Neither Moody nor Berry attempted to fully determine whether the tractor had in fact been on consignment as plaintiff had told them or whether it had been stolen. Use of process to obtain payment of a civil claim meets the second prong of the test. *Id.* at 201, *1 Am. Jur. 2d*, Abuse of Process § 15. We find that summary judgment as to this issue was improper as to defendants Moody and Berry; proper as to defendant Nelson for the reasons stated in I. above.

## III. Civil Conspiracy

[3]  Finally, plaintiff has alleged a third cause of action for civil conspiracy in violation of 42 U.S.C. § 1983.

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means, the principal element of which is an agreement . . . 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damage.'

*Hampton v. Hanrahan*, 600 F.2d 600, 620 (Seventh Cir. 1979). We find that the plaintiff has failed to show that defendants Moody, Berry and Nelson had a "meeting of the minds" and thus reached an understanding to achieve the conspiracy's objectives, that is, to inflict injury upon him. Summary judgment as to this claim was proper as to all three defendants.

## IV. Conclusion

We reverse the entry of summary judgment in favor of defendants Moody and Berry as to plaintiff's claims for malicious prosecution and abuse of process. We affirm the entry of summary judgment as to all claims in favor of defendant Nelson. We affirm entry of summary judgment in favor of all defendants as to plaintiff's claim for civil conspiracy pursuant to 42 U.S.C. § 1983.

Affirmed in part, reversed in part and remanded.

Judges WELLS and EAGLES concur.